UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IRA C. JACKSON,

       Petitioner,

v.                                         CASE NO. 6:09-cv-1219-Orl-36DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.

_____

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 9). Petitioner filed a reply to the response (Doc. No. 17).

      Petitioner alleges four claims for relief in his habeas petition: (1) the State improperly shifted the burden of proof at trial; (2) trial counsel was ineffective for failing to present documentary evidence and testimony; (3) trial counsel was ineffective for failing to conduct a thorough impeachment of the State's witnesses; and (4) trial counsel was ineffective for failing to object to improper arguments made by the prosecutor. For the following reasons, the Court finds that Petitioner is not entitled to relief on his claims.

## I.  Procedural History

Petitioner was charged with one count of trafficking in cocaine.  The State offered a negotiated plea whereby Petitioner would plead guilty and received a ten year sentence. Petitioner declined the plea offer and proceeded to trial, after which he was convicted as charged.  The trial court sentenced Petitioner to an eight-year term of imprisonment with a three-year  mandatory minimum sentence.  Petitioner appealed, raising one ground for relief.  The Fifth District Court of Appeal affirmed *per curiam*.

Petitioner subsequently filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  The trial court summarily denied the motion.  On appeal, the Fifth District Court of Appeal affirmed *per curiam.*  The instant federal petition for writ of habeas corpus follows.

## II.  Legal Standards

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See Brown v. Patton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S.

634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### B.    Standard for Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  *Newland*, 527 F.3d at 1184.  In *Strickland*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Strickland*, 466 U.S. at 687-88; *see also Bobby Van Hook*, 130 S. Ct. 13, 16 (2009).  A habeas court's review of a claim under the *Strickland* standard is "doubly deferential."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (April 4, 2011) (quoting *Knowles v. Mirzayanze*, 129 S. Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices."  *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove,

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## III. *Analysis*

### A. *Claim One*

Petitioner claims the State improperly shifted the burden of proof in violation of his Fourteenth Amendment right to due process. In support of this claim, Petitioner points to the prosecutor's statement during closing arguments in which he argued that Petitioner failed to produce documents or letters showing that he owed child support, which would

have explained why Petitioner was carrying such a large sum of money on his person at the time of his arrest (Doc. No. 1 at 7). Respondents argue that the instant claim is unexhausted because the claim was not raised as a federal constitutional claim in the state court.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)) (internal quotation marks omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

The Court has reviewed Petitioner's initial brief filed with the Fifth District Court of Appeal and agrees that Petitioner did not cite to federal law or the United States Constitution when arguing the instant claim (App. III). Moreover, the cases cited to in the initial brief did not rely on federal law. *Id.* The Court finds that claim one remains unexhausted.

Moreover, the Court is precluded from considering this claim, as the claim would

be procedurally defaulted if Petitioner returned to state court.  *Smith v. Sec'y Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")).  Petitioner could not return to the state court to raise this ground as it should have been raised on direct appeal. Additionally, if the claim could be raised in a Rule 3.850 motion, such a motion would be untimely and successive.  Fla. R. Crim. P. 3.850(b) & (f).  Thus, Petitioner's claim is procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's claim is procedurally barred from review.

Alternatively, even if Petitioner's claim could be addressed on the merits he has not demonstrated that he is entitled to relief. Claims based on the statements of a prosecutor are assessed using a two-pronged analysis: first, the court must determine whether the comments at issue were improper; and, second, whether any comment found to be improper was so prejudicial as to render the entire trial fundamentally unfair. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1182 (11th Cir. 2010); *see also Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir. 1997). A trial is rendered fundamentally unfair only where there is a reasonable probability that the outcome of the trial would have been different or a probability sufficient to undermine confidence in the outcome. *Spencer*, 609 F.3d at 1182;

*Williams v. Kemp*, 846 F.2d 1276, 1283 (11th Cir.1988).

At trial, Petitioner testified on his own behalf and explained that the reason he had approximately $3400 in his jacket pockets was because he owed back child support and was on his way to obtain a money order to pay the child support (App. II at 239-42). During closing arguments, the prosecutor first noted that "the State has the burden of proving this case." *Id.* at 282. The prosecutor further delineated the four elements it had to prove in order to convict Petitioner of trafficking in cocaine. *Id.* The prosecutor then stated the following:

> This case took place in February 2005, February 21st, 2005. The Defendant testified extensively about court orders and letters and documents [regarding his payment of child support]. This is almost a year ago, almost exactly a year ago. And I asked him, Do you have those documents? And he said yes. But they are not here in evidence if you look at it. Where are those computer -- or letters or computer receipts for his child support?

*Id.* at 291. Defense counsel objected. *Id.* Defense counsel then moved for a mistrial outside of the presence of the jury, arguing that the State had improperly shifted the burden of proof to the defendant. *Id.* at 292. The trial court denied the motion. *Id.* at 293. During the State's rebuttal argument, the prosecutor again noted that the State had the burden of proof in the case. *Id.* at 327.

The prosecutor's comments in the instant case did not render the trial fundamentally unfair. The statements made about Petitioner's failure to present a court order showing that he owed child support or receipts for payment of child support were not improper statements because the prosecutor was making a fair comment on Petitioner's failure to

produce evidence that would support his defense to the charges. *United States v. Sosa*, 208 F. App'x 752, 756-57 (11th Cir. 2006) (pointing out the defendant's failure to produce evidence to corroborate his story, without suggesting that he was required to do so, did not shift the burden of proof); *Cook v. Schriro*, 538 F.3d 1000, 1020 (9th Cir. 2008) ("Prosecutors may comment on the failure of the defense to produce evidence to support an affirmative defense so long as it does not directly comment on the defendant's failure to testify."); *Duncan v. Stynchombe*, 704 F.2d 1213, 1215-16 (11th Cir. 1983) (comments made by a prosecutor in an attempt to point out to the jury the lack of evidence and failure of the defense, as opposed to the failure of the defendant, is not an improper shift in the burden of proof).

In this case the prosecutor did not state that Petitioner had the burden to prove his innocence. In fact, the prosecutor told the jury that the State had the burden to prove Petitioner's guilt. Furthermore, the prosecutor only commented on the lack of evidence that corroborated Petitioner's story that he owed child support. *See Sosa*, 208 F. App'x at 757 (noting the prosecutor's comment on the lack of evidence to corroborate the defendant's story was not improper). The Court also notes that any potential prejudice was dismissed by the trial court's clear instructions to the jury regarding the criminal offense charged and the burden of proof. *See United States v. Simon*, 964 F.2d 1082, 1087 (11th Cir. 1992) (a prejudicial remark can be rendered harmless by curative instructions to the jury); *Duncan*, 704 F.2d at 1215-16; *Davis v. McNeil*, No. 08-60874-CV, 2009 WL 3459226, at *24 (S.D. Fla. Oct. 27, 2009). The trial court instructed the jurors that the defendant did not

have to present evidence because the State alone bore the burden of proof (App. II at 329, 333). It is generally presumed that jurors follow their instructions. *See Ruiz v. Sec'y, Dep't of Corr.*, 439 F. App'x 831, 834 (11th Cir. 2011); *Puiatti v. McNeil*, 626 F.3d 1283, 1314-15 (11th Cir. 2010). Thus, there is no indication that the improper comment impermissibly shifted the burden of proof to the defense.

Petitioner has not demonstrated that the state court's determination of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. Accordingly, claim one is denied pursuant to § 2254(d).

### B.    *Claim Two*

Petitioner claims that trial counsel was ineffective for failing to present documentary evidence and testimony to the jury. Specifically, Petitioner states that he brought with him court orders and notices he had received from the Department of Revenue regarding his delinquency for failing to pay child support. However, counsel failed to admit these documents as exhibits (Doc. No. 1 at 8-9). Petitioner opines that counsel's failure led the jury to lose faith in, or disbelieve, his defense that he was carrying approximately $3400 in order to pay child support. *Id.* at 9. Petitioner also contends that trial counsel should have called his father, Ira Chapman Jackson, Sr., to testify that he had lent his son $600 for the purpose of paying child support. *Id.* at 10.

Petitioner raised these claims in his Rule 3.850 motion for post-conviction relief (App. VII). The trial court summarily denied the instant claims pursuant to *Strickland* (App. X at 4). The trial court first noted that whether Petitioner owed child support was

irrelevant to whether he possessed cocaine. *Id.* Moreover, the trial court found that Petitioner could not demonstrate prejudice because the money in Petitioner's possession was bundled into three packets and did not coincide with the amounts that he allegedly owed for child support. *Id.* Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam* (App. XVII).

Petitioner has not demonstrated that he is entitled to relief on this claim. Although trial counsel did not attempt to admit any court orders or notices Petitioner had received documenting the fact that he was delinquent for failing to pay child support, there is no indication that this failure resulted in prejudice. Officer Maria Warner ("Warner") testified that she initiated a traffic stop of Petitioner's vehicle because she believed the window tint was illegal (App. II at 42-46). After Petitioner stopped his vehicle in the driveway of Nakisha Hopkins' home, Warner asked him for his license, vehicle registration, and proof of insurance. *Id.* at 57. After producing this paperwork, Warner then observed Petitioner, from her peripheral vision, drop a clear plastic bag containing a white powdery substance onto the ground and attempt to move it under the vehicle with his left foot. *Id.* at 58. This white substance was later weighed and tested. Emily McDonald, crime laboratory analyst for the Florida Department of Law Enforcement ("FDLE"), testified that the plastic bag, which contained two smaller bags, held 44.6 grams of cocaine. *Id.* at 127-29. After Petitioner was arrested for possessing the cocaine, Warner searched him and found several bundles of money in two of Petitioner's pockets totaling approximately $3400. *Id.* at 71-75.

Counsel's failure to present additional documentary evidence establishing that he

did in fact owe several thousand dollars in child support and testimony from his father that he loaned Petitioner $600 did not prejudice the outcome of the trial. Although the evidence and testimony would show that Petitioner carried a large sum of money on his person for a valid reason and not because he was selling drugs as the State suggested, this evidence still would not refute Warner's testimony that she saw Petitioner drop a bag containing cocaine on the ground.

To convict Petitioner of trafficking in cocaine, the State had to prove that (1) Petitioner knowingly sold, purchased, delivered, or possessed a substance; (2) that substance was cocaine; (3) the quantity of the substance involved was 28 grams or more; and (4) Petitioner knew that the substance was cocaine. Fla. Std. Jury (Crim) Instr. 25.10; Fla. Stat. § 893.135(1)(b). The fact that Petitioner had a large quantity of money on his person separated into two or three bundles was circumstantial evidence that Petitioner had committed the crime. However, even if the defense had satisfactorily explained why Petitioner was carrying this money, there was sufficient evidence to convict Petitioner of trafficking in cocaine, namely because Warner observed Petitioner possess cocaine in a quantity totaling more than 28 grams. Furthermore, Warner's testimony that Petitioner tried to hide the cocaine is circumstantial evidence that he was aware of the illicit nature of the substance.

Petitioner has not demonstrated that the state court's denial of this claim was contrary to, or resulted in an unreasonable application of, federal law nor was the decision an unreasonable determination of the facts in light of the evidence presented. Accordingly,

claim two is denied pursuant to § 2254(d).

### C. Claim Three

Petitioner alleges the following claims with respect to this ground for relief: that trial counsel was ineffective for (1) failing to conduct a thorough impeachment of the State's witnesses and (2) failing to properly investigate whether the tint on his front windshield went below the AS-1 line.[2]  The Court will separately address each of these claims.

#### 1. Counsel's Failure to Impeach State Witnesses

In support of the first part of claim three, Petitioner alleges that trial counsel did little or no meaningful investigation into the police reports, police affidavits, and depositions (Doc. No. 1 at 13).  Petitioner maintains that there were discrepancies between Warner's arrest affidavit and her trial testimony.  However, counsel failed to point out those discrepancies.  *Id.* at 14.  Petitioner states that contrary to her original affidavit in which Warner stated that she saw that the bag contained white powder, at trial Warner testified that she could not see the contents of the bag.  *Id.*  Additionally, Petitioner points to Warner's deposition, in which she made no mention of having a brief two-second conversation with Officer Reeder, whereas at trial she stated that after she observed Petitioner drop the bag of cocaine, she spoke to Officer Reeder briefly regarding the passenger of the vehicle.  *Id.*

---

[2]The AS-1 Line is a portion of the windshield below which window tinting is prohibited so that a driver's forward viewing area is not impeded.  *See* Fla. Stat. § 316.2952(2).

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. VII). The trial court summarily denied the claim pursuant to *Strickland* without discussion (App. X). On appeal, the Fifth District Court of Appeal affirmed *per curiam* (App. XVII). Petitioner has not demonstrated that trial counsel was deficient for failing to impeach Warner. First, the Court notes that contrary to Petitioner's assertions, at trial Warner testified that she saw the contents of the plastic bag and stated it contained what looked like cocaine (App. II at 60). Thus, counsel was not deficient for failing to impeach Warner with the arrest affidavit because there were no discrepancies in her statements.

Additionally, Petitioner has not shown that counsel's failure to impeach Warner with her deposition statement resulted in prejudice. Petitioner alleges that in Warner's deposition she failed to mention having a brief conversation with Officer Reeder after observing Petitioner drop a bag of cocaine on the ground. Contrary to the deposition statement, at trial Warner testified that after she saw Petitioner drop a bag, she had a brief conversation with Officer Reeder. *Id.* at 60. Although counsel could have impeached Warner regarding her inconsistent statements, the Court disagrees with Petitioner's claim that there is a reasonable probability that the outcome of trial would have been different. Whether Warner did or did not have a two-second conversation with Officer Reeder does not change the fact that she unequivocally testified at trial and in her deposition that she observed Petitioner drop a bag containing cocaine on the ground and attempt to slide it underneath his vehicle to avoid detection. The Court finds no basis on this record to conclude that the state court's determination was contrary to, or resulted in an

unreasonable application of clearly established federal law or resulted in an unreasonable

determination of the facts in light of the evidence presented. Accordingly, this portion of

claim three is denied.

### 2. *Counsel's Failure to Investigate Front Windshield Tint*

In the second part of ground two Petitioner contends that counsel failed to properly

investigate whether the tint on his front windshield went below the AS-1 line (Doc. No. 1

at 15). Petitioner contends that the basis for the vehicle stop was because the tint on his

front windshield was allegedly too dark but no testimony was presented at trial to

demonstrate that this allegation was true. Petitioner presents an affidavit from Shamira

Pitts, the person who now owns the vehicle, in which she attests that the tint on the front

windshield does not go below the AS-1 line (Doc. No. 21).

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App.

VII). The trial court summarily denied the instant claim pursuant to *Strickland* (App. X at

3). The trial court found that Petitioner had not demonstrated that he was prejudiced by

counsel's failure to investigate this matter because the evidence at trial established that

Warner measured the tint on the side windows of Petitioner's vehicle and concluded that

the tint on those windows was illegal. *Id.* The court concluded that any investigation into

whether the tint went below the AS-1 line would not have discredited Warner's testimony

that the tint on the other windows of the car was illegal. *Id.* The Fifth District Court of

Appeal affirmed the denial of this claim (App. XVII).

Petitioner has not demonstrated that he is entitled to relief with respect to this claim.

Warner initially testified that she observed Petitioner's car and decided to initiate a traffic stop because the tint on the windows was extremely dark and it appeared that the front windshield was tinted below the AS-1 line (App. II at 42). After Petitioner stopped his vehicle, Warner measured the tint on the side windows of the vehicle using a tint meter and concluded that the tint was darker than the law allowed. *Id.* at 62, 77. Defense counsel's failure to investigate whether the windshield tint was illegal did not result in prejudice because Warner concluded that the tint on other parts of the vehicle was illegal. As such, the Court agrees that further investigation into whether the windshield tint was illegal would not have discredited Warner's testimony and thus, would not have resulted in a different outcome at trial.

The state court's determination of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, this portion of claim three is denied pursuant to § 2254(d).

### D.    *Claim Four*

Petitioner claims that trial counsel was ineffective for failing to object to improper comments made by the prosecutor during closing arguments. In support of this claim, Petitioner points to the State's comments that he was a "drug dealer," the prosecutor's attack on defense counsel's character, and the prosecutor's attempt to bolster Warner's testimony because she was a police officer (Doc. No. 1 at 17). Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. VII). The trial court denied the instant claim pursuant to *Strickland*, finding that counsel did object to the prosecutor's

17

statements (App. X at 4). Moreover, the trial court further concluded that the statements were fair comments on the evidence. *Id.* The Fifth District Court of Appeal *per curiam* affirmed the trial court's denial of this claim (App. XVII).

As this Court noted *supra*, claims based on the statements of a prosecutor are assessed using a two-pronged analysis: first, the court must determine whether the comments at issue were improper, and, second, whether any comment found to be improper was so prejudicial as to render the entire trial fundamentally unfair. *Spencer*, 609 F.3d at 1182; *Cargill*, 120 F.3d at 1379. A trial is rendered fundamentally unfair only where there is a reasonable probability that the outcome of the trial would have been different or a probability sufficient to undermine confidence in the outcome. *Spencer*, 609 F.3d at 1182; *Williams v. Kemp*, 846 F.2d 1276, 1283 (11th Cir.1988).

### 1. *Improper Use of Term "Drug Dealer"*

Petitioner asserts that the prosecutor's statement that he was a "drug dealer" during closing arguments was an improper comment. Petitioner does not point to a specific portion of the closing argument in which the State made this allegedly improper comment. After reviewing the record, the Court finds that at no point during closing arguments did the State refer to Petitioner as a drug dealer. Therefore, Petitioner's claim is refuted by the record.

The Court notes that the prosecutor did refer to Petitioner as a drug trafficker (App. II at 293). This comment was not improper and did not render the entire trial fundamentally unfair. Petitioner was being tried for trafficking in cocaine because he was

observed possessing a large quantity of cocaine and police found a large quantity of money on Petitioner that was packaged into separate bundles. The prosecutor's characterization of Petitioner as a drug trafficker was a fair comment on the evidence presented at trial. *Jones v. McNeil*, 776 F. Supp. 2d 1323, 1360 (S.D. Fla. 2011) (noting that a prosecutor's statements will not constitute prosecutorial misconduct when they are a fair comment on the evidence). Additionally, as noted *supra*, the jury was instructed that the comments of the attorneys were not evidence and that the jury was to base its verdict solely on the evidence. Looking at the record as a whole, there is no reason to believe that the prosecutor's comment prejudicially affected the trial. As such, the state court's determination of this claim was not contrary to, or an unreasonable application of, clearly established federal law. This portion of claim four is denied.

### 2. *Improperly Attacking Defense Counsel's Character*

Petitioner next argues that the prosecutor improperly attacked defense counsel's character. In support of this claim, Petitioner points to the following statements made by the prosecutor during closing argument:

> Mr. Warren [defense counsel] talked a lot about the coincidence and the configuration of the car, the doors being closed. If you take all of those arguments, the Defendant -- this money was for child support, the Defendant was driving his friend to get a game, drop the money off. When they got there, they obeyed these officers' commands and left the door shut; never opened anything. The doors never opened; and that Officer Warner was writing her -- testing the tint, and pointed to the ground; There's the cocaine.

> You have to believe then that she's making this up; that her testimony to you that I saw him drop it is a lie. There's no other way. If the door never opened and the window never came down, as Mr. Warren submits, argued

to you, then I never saw it lying there. She said I saw him drop it. Evaluate her testimony and her person. Is she doing that, lying to you under oath here? Because with the circumstances that Mr. Warren created here, you'd have to believe that she lied to you when she made that statement to you.

(App. II at 324-25).

The Court finds that Petitioner is not entitled to relief on this claim. There is no indication from the above-cited closing argument that the State was attacking defense counsel's character. Instead, the prosecutor argued that the jury should not believe the defense's insinuation that Warner lied during her testimony. Florida courts allow attorneys wide latitude during closing arguments. *Thomas v. State*, 748 So. 2d 970, 984 (Fla. 1999). Moreover, the Florida Supreme Court has stated that "[l]ogical inferences may be drawn, and counsel is allowed to advance all legitimate arguments." *Id.* The Court finds that counsel was not ineffective for failing to object to the above comments because they were not improper. Further, even if counsel had objected, there is no indication that such objections would have been sustained. Finally, Petitioner has not demonstrated that the comments affected the outcome of the trial or rendered the trial fundamentally unfair because each statement was a permissible inference the State could draw from the evidence and testimony presented at trial. The state court's determination of this claim was not contrary to, nor did it involve an unreasonable application of, *Strickland*. This portion of ground four is denied.

### 3. Improper Vouching and Bolstering of Warner's Testimony

Petitioner also argues that the prosecutor improperly attempted to bolster Warner's

testimony.  Petitioner cites to the same portion of closing arguments cited above in relation to Petitioner's argument that the prosecutor improperly commented on defense counsel's character.

"Attempts to bolster a witness by vouching for his credibility are normally improper and constitute error."  *United States v. Newton*, 44 F.3d 913, 921 (11th Cir. 1995) (citations omitted).  Courts have found it improper for the "prosecution to place the prestige of the Government behind a witness by making explicit personal assurances of the witness' veracity." *Id.* (citations omitted).  In this case, there is no indication that the prosecutor was improperly vouching for Warner.  The case hinged on whether the jury would believe Warner's version of events or Petitioner's version of events.  As noted above, during closing arguments in Florida, attorneys are permitted to advance all legitimate arguments and inferences.  In the instant case the prosecutor did not personally vouch for Warner, but instead suggested that the jury could find Warner's testimony more credible than Petitioner's testimony. The Court finds that counsel did not act deficiently in failing to object to these comments because they were not improper.  Moreover, even if counsel had objected, there is no indication that such an objection would have been sustained.

Petitioner has not demonstrated that the prosecutor's comments were so improper as to render Petitioner's trial fundamentally unfair in light of the fact that the court advised the jury that the comments were not evidence.  Petitioner has not demonstrated that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  This

claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

A prisoner seeking to appeal a  district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Ira C. Jackson (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 21st day of June, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 6/21
Counsel of Record
Ira C. Jackson